Sawyer v. Aldag.

# R. H. SAWYER
## v.
## PETER ALDAG.

*Trespass* vi et Armis—*Pauper*—*Part 2, Sec. 28, Chap. 109, R. S.*

1.   The superintendent of a poor farm has no right to imprison a pauper thereon upon his refusal to perform physical labor, in the absence of rules established by the county authorities to that effect.

2.   There being no rules, such superintendent has only such powers as are reasonably necessary to keep order and regulate the conduct of the inmates generally.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Kankakee County; the Hon. C. R. STARR, Judge, presiding.

Mr. WILLIAM R. HUNTER, for appellant.

Mr. C. A. LAKE, for appellee.

MR. JUSTICE LACEY.   This was an action of trespass *vi et armis* and false imprisonment, and plea of not guilty by appellant, and also that he was the duly appointed and acting superintendent of the Kankakee poor farm, and appellee an inmate and subject to all necessary and reasonable rules and regulations for the proper management of the same; that appellee conducted himself in an improper and disorderly manner; became refractory and refused to obey such rules, etc.; that it became necessary to preserve order and proper discipline, to confine appellee in a room in said poor house, there provided by said county for that purpose, for six hours; that it became necessary to lay gentle hands on him in order to remove him; that appellant used no more force than was absolutely necessary, etc.   The appellee replied that appellant committed the trespass of his

own wrong and without the cause pleaded. Upon this
issue the case was tried before the court and a jury. The
trial resulted in a verdict and judgment for $75 against the
appellant. The case is now brought here on appeal and
various errors assigned.

In the view we take of the case it will not be necessary
to notice all the errors assigned, based on the supposed giv-
ing by the court of erroneous instructions on part of appellee
and refusing proper ones offered by appellant, as under the
issues and the evidence the appellee had a clear right to
recover.

The evidence shows that the appellee was an inmate of
the county poor house, over which appellant had the control
and management as the keeper of the institution, placed
there by the town of Kankakee. Under the rules adopted
by the board of supervisors, each town in the county sup-
ports its own paupers, and by arrangement with the county
authorities, the latter maintains them at the county poor
house for $2 per week each.

On June 25th the appellee had been at work killing
potato bugs by means of sprinkling the potato vines with a
solution of paris green, out of a watering pot. After being
at work for about three hours the appellee sat down in the
garden to read and had six more rows to sprinkle, and when
requested to finish up the work he refused. Thereupon
appellant seized him roughly by the arm and forced him
into a prison room kept in the poor house for that purpose,
and there detained him about eight hours. Thereupon, at
appellee's request, he was released and he left the poor
house.

It appears from a preponderance of the evidence that
appellant handled appellee unnecessarily roughly and
bruised his arm so that the skin was off and it was black
and blue " nearly from the shoulder to the elbow." " The
epidermis was gone in places," as testified to by Dr. Van
Riper, who dressed it. There appeared to have been unnec-
essary force used in confining appellee in prison, as he made
no resistance nor was he physically able to make much.

The sole cause of the imprisonment was the refusal of appellee to continue the work of sprinkling the paris green solution on the growing potatoes. The main question in this case, under the circumstances, is whether appellant had the legal right of imprisonment to compel obedience to the order given to appellee to perform physical labor, in the absence of any rules being established by the county authorities to that effect. We think he had not. The statute of this State provides that the county board may make all proper rules and regulations for the management of the county poor house and poor farm and the inmates of the poor house. Part 3, Sec. 28, Chap. 107, R. S. The board never made any regulations for the management of the inmates of the poor house or the government of the inmates so far as enforcing labor on the part of the inmates was concerned, and in fact no regulations. Without this appellant had such powers only as were reasonably necessary to keep order and regulate the conduct of the inmates generally; but this gave no authority to inflict punishment by imprisonment to compel the performance of labor on the part of the inmates. That could only be done by order of the board by established rules, if at all.

As the verdict was proper under any view of the instructions, it will not be necessary to notice objections to them; suffice it to say, under this view of the law they were substantially correct.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*